**[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 204.]**

**AKRON BAR ASSOCIATION *v*. BONETTI.**

**[Cite as *Akron Bar Assn. v. Bonetti*, 1996-Ohio-269.]**

*Attorneys at law—Misconduct—Two-year suspension suspended with conditions—Substance abuse.*

(No. 95-1667—Submitted September 27, 1995—Decided January 10, 1996.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 94-71.

———————————

{¶ 1} In a complaint filed on October 17, 1994, relator, Akron Bar Association, charged that respondent, Albert Edward Bonetti, Jr. of Akron, Ohio, Attorney Registration No. 0038947, had violated DR 1-102(A)(3) and (6). A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") heard the matter on April 25, 1995.

{¶ 2} The parties stipulated to the charged misconduct and facts underlying it, in part, as follows:

"1. Respondent *** is an attorney at law admitted to practice in the State of Ohio on November 16, 1987. Respondent is presently engaged in the general, private practice of law, in Akron, Ohio. ***

"2. A Bill of Information dated April 6, 1994 charged that on or about January 5, 1994 and January 6, 1994, Respondent committed the crime of drug abuse, in that he knowingly obtained, possessed or used a controlled substance, to wit: cocaine, a Schedule II Controlled Substance, in violation of Section 2925.11 of the Ohio Revised Code, a felony of the fourth degree. ***

"3. On or about April 7, 1994, Respondent appeared in the Court of Common Pleas of the County of Summit and voluntarily, in writing, waived and relinquished his right to be prosecuted by the Grand Jury ***. Thereafter,

Respondent was arraigned and entered a plea of guilty to the Bill of Information which plea was then accepted by the Court by entry dated April 7, 1994 ***. In the same Journal Entry, the Court considered Respondent's eligibility for treatment in lieu of conviction, stayed criminal proceedings and ordered that Respondent undergo rehabilitation for substance abuse through the out-patient treatment facility at Longford Health Care. The Court further ordered Respondent to complete a period of rehabilitation, not to exceed three years, under the control and supervision of the Adult Probation Department.

"4. On or about March 1, 1995, the Court held a status call on Respondent's treatment in lieu of conviction and, having found that Respondent had successfully completed his treatment and was rehabilitated, dismissed the indictment against Respondent ***.

"5. Respondent has undertaken an aftercare program with James W. Siddall, Ph.D., a clinical psychologist, has responded favorably to treatment and has an excellent prognosis for continuing sobriety ***.

"6. During the course of the investigation by Relator, Respondent has fully cooperated.

"7. Respondent has never been disciplined for alleged misconduct as an attorney at law.

"8. Respondent acknowledges that his conduct violated DR 1-102(A)(3) *** and DR 1-102(A)(6) ***."

{¶ 3} The panel found that respondent had violated the Disciplinary Rules, as stipulated. In recommending a sanction for this misconduct, the panel considered the testimony of two local common pleas judges, both of whom had known respondent for years and regarded highly his integrity and professional competence, and the testimony of a counselor employed by Longford Health Associates ("Longford") who had participated in respondent's rehabilitation program. The counselor described respondent's efforts to maintain sobriety and

2

abstain from marijuana, cocaine and alcohol, including his enthusiastic participation in the aftercare program and commitment to recovery. The panel also considered correspondence from a legion of respondent's professional acquaintances and friends, all of whom also expressed their confidence in his professional skill and integrity. The panel recommended that respondent receive a two-year suspension from the practice of law, with the entire sanction period suspended on the following conditions of probation:

(1) Respondent shall be subject to random testing for substance and alcohol use;

(2) Respondent shall continue to attend two Alcoholics Anonymous meetings a week and shall document such attendance;

(3) Respondent shall make quarterly visits to a psychologist;

(4) An attorney appointed by relator shall monitor respondent's compliance with the terms of probation; and

(5) The appointed attorney should make quarterly reports to the relator about respondent's compliance with the terms of probation.

{¶ 4} The board adopted the panel's report, including its findings of fact, conclusions of law, and recommendation.

————————————

*Constance L. Leistiko* and *Wayne M. Rice*, for relator.

*Colopy & Casalinuovo* and *John A. Casalinuovo*, for respondent.

————————————

**Per Curiam.**

{¶ 5} Upon review of the record, we concur in the board's findings that respondent violated DR 1-102(A)(3) and (6). We also agree with the sanction recommended by the board. Respondent is therefore suspended for two years from the practice of law in Ohio; however, we suspend both years of the sanction period

and place respondent on probation under the conditions established by the board. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

_____